**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHANNON JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| v. | ) | |
| | ) | **COMPLAINT FOR VIOLATIONS OF** |
| 1LIFE HEALTHCARE, INC., BRUCE W. | ) | **THE FEDERAL SECURITIES LAWS** |
| DUNLEVIE, DAVID P. KENNEDY, AMIR | ) | |
| DAN RUBIN, PAUL R. AUVIL, MARK S. | ) | |
| BLUMENKRANZ, KALEN F. HOLMES, | ) | JURY TRIAL DEMANDED |
| FREDA LEWIS-HALL, ROBERT R. | ) | |
| SCHMIDT, and SCOTT C. TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Shannon Jenkins ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE THE ACTION

1.    Plaintiff brings this action against 1Life Healthcare, Inc. ("1Life" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9.  By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which 1Life will acquire Iora Health, Inc. ("Iora") through 1Life's subsidiary SB Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction").[1]

---

[1] Non-party Iora is a Delaware corporation with its principal executive offices located at 101 Tremont Street, 6th Floor, Boston, MA 02108.  Non-party Merger Sub is a Delaware corporation and direct, wholly-owned subsidiary of 1Life.

2.      On June 7, 2021, 1Life announced its entry into an Agreement and Plan of Merger dated June 6, 2021 (the "Merger Agreement") to sell Iora to 1Life.  The Merger Agreement provides that each Iora stockholder will receive 0.689 shares of 1Life common stock for each share of Iora common stock they own (the "Merger Consideration").  Upon completion of the merger, it is estimated that current 1Life stockholders will own approximately 72% of the combined company and former Iora stockholders will own approximately 28% of the combined company.[2]

3.      On July 6, 2021, 1Life filed a Form S-4 Registration Statement (and as amended July 14, 2021, the "Registration Statement") with the SEC.  The Registration Statement, which recommends that 1Life stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  The failure to adequately disclose such material information violates Sections 14(a) and 20(a) of the Exchange Act as 1Life stockholders need such information to make a fully informed decision whether to approve the Proposed Transaction.

4.      It is imperative that the material information omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section

---

[2] The approximate value of the Proposed Transaction is $2.1 billion.

27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of 1Life.

10.     Defendant 1Life is a Delaware corporation with its principal executive offices located at One Embarcadero Center, Suite 1900, San Francisco, California 94111.  The Company is a membership-based and technology-powered primary care platform.  1Life's common stock trades on The Nasdaq Global Select Market under the ticker symbol "ONEM."

11.     Defendant Bruce W. Dunlevie ("Dunlevie") has been a director of the Company since June 2007.

12.     Defendant David P. Kennedy ("Kennedy") has been a director of the Company since June 2007.

13.     Defendant Amir Dan Rubin ("Rubin") is Chair of the Board, and has been President, Chief Executive Officer ("CEO") and a director of the Company since September 2017.

14.     Defendant Paul R. Auvil ("Auvil") has been a director of the Company since September 2019.

15.     Defendant Mark S. Blumenkranz ("Blumenkranz") has been a director of the Company since November 2019.

16.     Defendant Kalen F. Holmes ("Holmes") has been a director of the Company since January 2017.

17.     Defendant Freda Lewis-Hall ("Lewis-Hall") has been a director of the Company since November 2019.

18.     Defendant Robert R. Schmidt ("Schmidt") has been a director of the Company since August 2018.

19.     Defendant Scott C. Taylor ("Taylor") has been a director of the Company since June 3, 2021.

20.     Defendants identified in paragraphs 11-19 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

21.     On June 7, 2021, 1Life announced, in relevant part:

SAN FRANCISCO, June 07, 2021 (GLOBE NEWSWIRE) -- 1Life Healthcare, Inc. (One Medical) (Nasdaq: ONEM), a leading human-centered and technology-powered primary care organization, today announced it has entered into a definitive agreement to acquire Iora Health, a human-centric, value-based primary care group with built-for-purpose technology focused on serving Medicare populations, in an all-stock transaction valued at approximately $2.1 billion.

"We are delighted to announce plans to combine with Iora Health, a technology-powered primary care leader delivering outstanding member-based, value-based care for adults 65+ enrolled in Medicare Advantage and other at-risk reimbursement models.  Together we will expand our addressable market to serve more members in more geographies with digital and in-person care across every stage of life, with further capabilities to deliver care within full-risk models.  Together with Iora Health, we can deliver better health, better care, and lower costs for children, adults, and seniors," said Amir Dan Rubin, Chair & CEO of One Medical.

"Chris McKown and I founded Iora Health over 10 years ago to build an innovative primary care model that transforms lives and improves outcomes through relationship-based care, and we are excited to take this next exciting step with One Medical," said Rushika Fernandopulle, M.D., MPP, Co-Founder and Chief Executive Officer of Iora Health.  "Together, with our aligned cultures, shared mission, and complementary

models, we can drive even greater impact for our patients, our teams, and our investors, and most importantly, our shared vision of transforming healthcare."

One Medical and Iora Health are aligned in their missions, models, and cultures to transform healthcare for key stakeholders -- Consumers, Employers and Payers, Providers, and Health Networks.  Together, the two companies can further accelerate and build upon their impacts for these stakeholders, while simultaneously expanding their models in existing markets, entering new markets, serving new populations, expanding full-risk models, and leveraging their purpose-built technologies for increased growth and scale.

**Strategic and financial benefits of the transaction include:**

- Creates a premier national member-based, technology-powered primary care platform to deliver better health, better care, and lower costs across Commercial and Medicare populations;

- Positions One Medical with Iora Health to advance the health of members across every stage of life;

- Extends One Medical's platform to deliver multi-modal care with 24/7 national digital health and in-person care across a combined 28 markets and beyond;

- Expands potential market opportunity to $870 billion across Commercial and Medicare segments, including the new Medicare Direct Contracting program;

- Enhances One Medical's risk-taking capabilities and extends One Medical into full-risk Medicare reimbursement models;

- Amplifies the power of purpose-built technologies to deliver premier member experiences, population health, provider support, and value-based care across every stage of life;

- Accelerates the expansion of two high-growth organizations, with complementary cultures and models serving as a premier place to practice modernized healthcare; and,

- Offers an opportunity to create significant value, with an expected $350+ million in annual revenue synergies by 2025, ~$30 million in annual net cost synergies by 2025, and with ~$30 million in cumulative capex savings through 2025.

"One Medical has proven its ability to drive profitable membership growth, engage with members, improve health outcomes and lower costs.  I am excited at the prospect of creating even more differentiation by adding Iora Health's Medicare-focused capabilities, expanding our reach to 28 markets, and offering our service experience to the parents and grandparents of our 598 thousand members," said Bjorn Thaler, Chief Financial Officer, One Medical.

**Leadership and Governance**

A designee of Iora Health will join the One Medical Board and Rushika Fernandopulle will become One Medical's Chief Innovation Officer.

**Transaction Details**

Under the terms of the agreement, Iora Health shareholders will receive 56.1 million shares of One Medical common stock. Based on the closing share price of One Medical's common stock of $35.59 on June 4th, 2021, the total transaction is valued at approximately $2.1 billion. Upon completion of the transaction, Iora Health shareholders are expected to own approximately 26.75% of the combined company.

The transaction is expected to close in late Q3 or Q4 of 2021 and is subject to customary closing conditions, including approval by One Medical and Iora Health stockholders and receipt of regulatory approval.

**Advisors**

Morgan Stanley & Co. LLC served as exclusive financial advisor to One Medical and Cooley LLP served as legal advisor.

Credit Suisse served as exclusive financial advisor to Iora Health and Skadden, Arps, Slate, Meagher & Flom LLP served as legal advisor.

**The Registration Statement Contains Material Misstatements and Omissions**

22.     The defendants filed a materially incomplete and misleading Registration Statement with the SEC and disseminated it to 1Life's stockholders. The Registration Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction.

23.     Specifically, as set forth below, the Registration Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) 1Life's and Iora's financial forecasts; (b) the financial analyses performed by 1Life's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley"), in connection with its fairness opinion; (b) potential conflicts of interest involving Morgan Stanley; and (d) the background of the Proposed Transaction.

***Material Omissions Concerning 1Life's and Iora's Financial Forecasts***

24.    The Registration Statement omits material information concerning 1Life's and Mullen Technologies' financial forecasts.

25.    The Registration Statement provides that, in connection with its fairness opinion, Morgan Stanley "reviewed certain financial projections prepared by the managements of Iora and 1Life, respectively."  The Registration Statement, however, fails to disclose material information concerning those financial projections, including: (a) all line items underlying adjusted EBITDA and unlevered free cash flows, as well as the other metrics set forth in the Registration Statement; and (b) the assumptions underlying each of the forecasts.

26.    This information is material as it provides the Company's shareholders with a basis upon which to project the future financial performance of the Company whose stock they are being asked to surrender in connection with the Proposed Transaction.

27.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

***Material Omissions Concerning Morgan Stanley's Financial Analyses***

28.    The Registration Statement also describes Morgan Stanley's fairness opinion and the various valuation analyses performed in support of their opinions.  That description, however, fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, 1Life's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Morgan Stanley's fairness opinions in determining whether to vote in favor of the Proposed Transaction.  This omitted information, if disclosed, would significantly alter the total mix of information available to 1Life's stockholders.

29.    According to the Registration Statement, Morgan Stanley prepared "*Discounted Future Value*" analyses for both Iora and the Company.  The Registration Statement, however, fails

to disclose material information regarding each such analysis including: (a) the basis for Morgan Stanley's application of the ranges of 2023E revenue multiples in each analysis; (b) the inputs and assumptions underlying the selection of the discount rates used in each analysis and (c) the Company's projected net debt balances.

30.     Morgan Stanley similarly prepared "*Discounted Cash* Flow" analyses for both the Company and Iora.  In that regard, however, the Registration Statement fails to disclose of the Company and Iora, the Registration Statement fails to disclose: (a) the unlevered free cash flows and terminal values that Morgan Stanley used in connection with each such analysis; (b) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; and (d) the net operating losses and cash from the future capital raises used in the analyses.

31.     With respect to Morgan Stanley's *Broker Price Targets Analysis*, the Registration Statement fails to disclose: (a) the price targets observed in the analysis; (b) the sources thereof; and (c) the individual inputs and assumptions underlying the discount rate.

32.     The omission of this information renders the statements in the "Opinion of Financial Advisor to 1Life, Morgan Stanley & Co., LLC" section of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Morgan Stanley's Potential Conflicts of Interest***

33.     The Registration Statement fails to disclose material information concerning potential conflicts of interest faced by one of the Company's financial advisors, Morgan Stanley.

34.     Specifically, the Registration Statement fails to disclose: (a) the circumstances under which Morgan Stanley will receive "up to an additional $2 million" in addition to the fees it already is received; (b) whether the Company intends to pay Morgan Stanley any of that additional fee; and (c) whether Morgan Stanley has performed past services for the parties to the Merger Agreement or

their affiliates, and if so, the timing and nature of the services and the amount of compensation received by Morgan Stanley for providing the services.

35.    Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

36.    The omission of this information renders the statements in the "Opinion of Financial Advisor to 1Life, Morgan Stanley & Co., LLC" section of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

37.    The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Registration Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of 1Life will be unable to make a sufficiently informed voting decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

38.    Plaintiff repeats all previous allegations as if set forth in full.

39.    During the relevant period, defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

40.    By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Registration Statement.  The

Registration Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about (a) 1Life's and Iora's financial forecasts; (b) the financial analyses performed by Morgan Stanley in connection with its fairness opinion; and (c) potential conflicts of interest involving Morgan Stanley. The defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

41.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

42.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

43.     Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

44.     Plaintiff repeats all previous allegations as if set forth in full.

45.     The Individual Defendants acted as controlling persons of 1Life within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of 1Life, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein and exercised the same.  The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Registration Statement.

48.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Registration Statement purports to describe the various issues and information that they reviewed and considered – descriptions into which the Company directors had input.

49.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, 1Life stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of 1Life, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to 1Life stockholders;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  August 11, 2021                          **LONG LAW, LLC**

By:   _/s/ Brian D. Long_
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*